UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5<br><br>Plaintiff<br><br>vs.<br><br>Marisa D. Hightower<br><br>Defendant<br>Wells Fargo Bank, National Association, as Trustee for the Holders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5<br><br>Party-In-Interest | CIVIL ACTION NO:<br><br><br>COMPLAINT<br><br>RE:<br>24 Eggert Way, Naples, ME 04055<br><br>Mortgage:<br>March 22, 2005<br>Book 22442, Page 188<br>Cumberland County |

NOW COMES the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Marisa D. Hightower, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, in which the Defendant, Marisa D. Hightower, is the obligor and the total amount owed under the terms of the Note as of September 24, 2021 is Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 is a national association with its principal place of business located at 101 North Phillips Avenue, Sioux Falls, SD 57104.

5. The Defendant, Marisa D. Hightower, is a resident of Naples, County of Cumberland and State of Maine.

6. The Party-in-Interest, Wells Fargo Bank, National Association, as Trustee for the Holders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is located at 101 North Phillips Avenue, Sioux Falls, SD 57104.

# FACTS

7. On March 23, 2005, by virtue of a Warranty Deed from Matthew S. Dyer and Rebecca S. Dyer, which is recorded in the Cumberland County Registry of Deeds in **Book 22442, Page 186**, the property situated at 24 Eggert Way, City/Town of Naples, County of Cumberland, and State of Maine, was conveyed to Marisa D. Hightower, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 22, 2005, Defendant, Marisa D. Hightower, executed and delivered to WMC Mortgage Corp. a certain Note under seal in the amount of $122,400.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on March 22, 2005, Defendant, Marisa D. Hightower executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp., securing the property located at 24 Eggert Way, Naples, ME 04055 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 22442**, **Page 188**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Wells Fargo Bank, National Association on Behalf of the Certificateholders of Morgan Stanley ABS Capital Inc Trust 2005-WMC5 Mortgage Pass-Through Certificates, Series 2005-WMC5 by virtue of an Assignment of Mortgage dated January 9, 2008 and recorded in the Cumberland County Registry of Deeds in **Book 25758**, **Page 57**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital I Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 by virtue of an Assignment of Mortgage dated

February 28, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29398**, **Page 283**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Morgan Stanley Mortgage Capital, Inc. by virtue of a Quitclaim Assignment dated April 1, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 33097**, **Page 59**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment and State of Delaware Certificate of Conversion is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 by virtue of an Assignment of Mortgage dated November 28, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34581**, **Page 93**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On July 19, 2021, the Defendant, Marisa D. Hightower, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mailing Tracking number and copies of returned envelopes (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Marisa D. Hightower, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, Marisa D. Hightower, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Wells Fargo Bank, National Association, as Trustee for the Holders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 is a Party-in-Interest pursuant to a Mortgage in the amount of $30,600.00 dated March 22, 2005, and recorded in the Cumberland County Registry of Deeds in **Book 22442**, **Page 207** assigned to it at Book 29782, Page 170 and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of September 24, 2021 is Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $119,947.09 |
| Interest | $127,766.71 |
| Escrow/Impound Required | $43,018.16 |
| Late Fees | $255.41 |
| Loan Level Advance Balance | $6,734.94 |

| | |
|---|---|
| Interest on Advances | $1,287.72 |
| Grand Total | $299,010.03 |

22. Upon information and belief, the Defendant, Marisa D. Hightower, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 24 Eggert Way, Naples, County of Cumberland, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Marisa D. Hightower, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2007, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of September 24, 2021 is Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $119,947.09 |
| Interest | $127,766.71 |
| Escrow/Impound Required | $43,018.16 |
| Late Fees | $255.41 |
| Loan Level Advance Balance | $6,734.94 |
| Interest on Advances | $1,287.72 |
| Grand Total | $299,010.03 |

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, Marisa D. Hightower's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Marisa D. Hightower, on July 19, 2021, evidenced by the Certified Mailing Tracking number and copies of returned envelopes. *See* Exhibit H.

32. The Defendant, Marisa D. Hightower, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On March 22, 2005, the Defendant, Marisa D. Hightower, executed under seal and delivered to WMC Mortgage Corp. a certain Note in the amount of $122,400.00. *See* Exhibit B.

35. The Defendant, Marisa D. Hightower, is in default for failure to properly tender the August 1, 2007 payment and all subsequent payments. *See* Exhibit H.

36. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Marisa D. Hightower.

37. The Defendant, Marisa D. Hightower, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant Marisa D. Hightower's breach is knowing, willful, and continuing.

39. The Defendant Marisa D. Hightower's breach has caused Plaintiff Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of September 24, 2021, if no payments are made, is Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $119,947.09 |
| Interest | $127,766.71 |
| Escrow/Impound Required | $43,018.16 |
| Late Fees | $255.41 |
| Loan Level Advance Balance | $6,734.94 |
| Interest on Advances | $1,287.72 |
| Grand Total | $299,010.03 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, Marisa D. Hightower, entered into a written contract with WMC Mortgage Corp. who agreed to loan the amount of $122,400.00 to the Defendant. *See* Exhibit B.

44. As part of this contract and transaction, the Defendant, Marisa D. Hightower, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the proper holder of the Note and successor-in-interest to WMC Mortgage Corp., and has performed its obligations under the Note and Mortgage.

46. The Defendant, Marisa D. Hightower, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2007 payment and all subsequent payments. *See* Exhibit H.

47. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Marisa D. Hightower.

48. The Defendant, Marisa D. Hightower, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, Marisa D. Hightower, is indebted to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 in the sum of Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, for money lent by the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, to the Defendant.

50. Defendant Marisa D. Hightower's breach is knowing, willful, and continuing.

51. Defendant Marisa D. Hightower's breach has caused Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of September 24, 2021, if no payments are made, is Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $119,947.09 |
| Interest | $127,766.71 |

| | |
|---|---:|
| Escrow/Impound Required | $43,018.16 |
| Late Fees | $255.41 |
| Loan Level Advance Balance | $6,734.94 |
| Interest on Advances | $1,287.72 |
| Grand Total | $299,010.03 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. WMC Mortgage Corp., predecessor-in-interest to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, loaned Defendant, Marisa D. Hightower, $122,400.00. *See* Exhibit B.

56. The Defendant, Marisa D. Hightower, is in default for failure to properly tender the August 1, 2007 payment and all subsequent payments. *See* Exhibit H.

57. As a result of the Defendant Marisa D. Hightower's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5.

58. As such, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

59. The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. WMC Mortgage Corp., predecessor-in-interest to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, loaned the Defendant, Marisa D. Hightower, $122,400.00. *See* Exhibit B.

61. The Defendant, Marisa D. Hightower, has failed to repay the loan obligation.

62. As a result, the Defendant, Marisa D. Hightower, has been unjustly enriched to the detriment of the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5 as successor-in-interest to WMC Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage

Pass-Through Certificates, Series 2005-WMC5, upon the expiration of the period of redemption;

c) Find that the Defendant, Marisa D. Hightower, is in breach of the Note by failing to make payment due as of August 1, 2007, and all subsequent payments;

d) Find that the Defendant, Marisa D. Hightower, is in breach of the Mortgage by failing to make payment due as of August 1, 2007, and all subsequent payments;

e) Find that the Defendant, Marisa D. Hightower, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Marisa D. Hightower, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2007 and all subsequent payments;

g) Find that the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Marisa D. Hightower has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, to restitution;

j) Find that the Defendant, Marisa D. Hightower, is liable to the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust

2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, for money had and received;

k) Find that the Defendant, Marisa D. Hightower, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Marisa D. Hightower, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Marisa D. Hightower, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, is entitled to restitution for this benefit from the Defendant, Marisa D. Hightower;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Marisa D. Hightower, and in favor of the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certificates, Series 2005-WMC5, in the amount of Two Hundred Ninety-Nine Thousand Ten and 03/100 ($299,010.03 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

    Respectfully Submitted,
    Wells Fargo Bank, N.A., as Trustee for the
    Certificateholders of Morgan Stanley ABS
    Capital 1 Inc., Trust 2005-WMC5, Mortgage

Pass-Through Certificates, Series 2005-WMC5,
By its attorneys,

Dated: October 21, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com