UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WELLS FARGO BANK N.A., <br> As Trustee for the <br> Certificateholders of Morgan <br> Stanley ABS Capital 1 Inc., <br> Trust 2005-WMC5, <br> Mortgage Pass-Through <br> Certificates, <br><br> Plaintiff, <br><br> v. <br><br> MARISA D. HIGHTOWER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) 2:21-cv-00302-JDL <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

The Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Morgan Stanley ABS Capital 1 Inc., Trust 2005-WMC5, Mortgage Pass-Through Certifications, Series 2005-WMC5, filed a complaint against Marisa Hightower (ECF No. 1) on October 21, 2021, setting forth claims for Foreclosure and Sale, Breach of Note, Breach of Contract, Quantum Meruit, and Unjust Enrichment. Hightower, appearing pro se, filed an answer and counterclaim (ECF No. 6) alleging that the 2005 residential mortgage loan that is the subject of this foreclosure action should have been modified and asserts that Wells Fargo and prior holders of the mortgage engaged in fraudulent practices in violation of Maine law. In response, Wells Fargo has moved to dismiss (ECF No. 12) Hightower's counterclaim pursuant to Federal

1

Rule of Civil Procedure 12(b)(6). For the reasons that follow, I grant the Plaintiffs' motion and dismiss Hightower's counterclaim.

## I.  FACTUAL BACKGROUND

The facts below are drawn from Hightower's counterclaim.

On March 22, 2005, Hightower executed and delivered to WMC Mortgage Corp. a Note under seal in the amount of $122,400.00, to purchase a home located at 24 Eggert Way, Naples, Maine. Hightower began making payments on the Mortgage to Countrywide Home Loans in 2005. Hightower ceased making the monthly payments due on the Mortgage and Note in 2007. At some point in 2008 or 2009, Hightower was notified that Bank of America had begun servicing the mortgage. Hightower was unemployed and initiated a loan modification application through the federal government during this period. She was informed by SPS Servicing that she was qualified for a home loan modification and submitted documentation to apply for the modification multiple times, first to SPS Servicing and then to Wells Fargo; however, the modification was never approved. Ultimately, a foreclosure action was commenced.

## II.  LEGAL ANALYSIS

"District courts apply the same legal standard to motions to dismiss counterclaims pursuant to Rule 12(b)(6) as they do when reviewing motions to dismiss a complaint." *Lexington Luminance LLC v. Osram Sylvania Inc.*, 972 F. Supp. 2d 88, 91 (D. Mass. 2013). The court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52-53 (1st Cir. 2013)

2

(quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face."  *Id.* at 53 (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)).

To assess a complaint's adequacy, courts apply a "two-pronged approach," *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011):  First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements," and, second, the court will "take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief," *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).  Determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although legal conclusions may "provide the framework of a complaint, they must be supported by factual allegations."  *Id*.  The court must determine whether the factual allegations "plausibly give rise to an entitlement to relief."  *Id*.  The complaint must set forth "more than labels and conclusions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citations omitted).

Although unrepresented litigants "are not exempt from procedural rules, [the court holds] pro se pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints are to be "liberally construed") (internal quotations and citations omitted). However, this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Iqbal*, 556 U.S. at 678 (2009).

Hightower's counterclaim asserts that Wells Fargo engaged in business practices that violated Maine law, but does not specify a claim or theory of relief. The assertions, read generously, are too vague and conclusory to permit the court to understand the alleged wrongs against her. *See* ECF No. 6 ¶¶ 10 - 13; *Byrne v. Maryland*, No. 1:20-cv-00036, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec., *aff'd* May 6, 2020) (noting that claims that lack "the crucial detail of who, what, when, where, and how" are subject to dismissal because they do not provide defendants with fair notice of what the claims are or the grounds upon which they rest). Further, Hightower's counterclaim does not allege damages or otherwise request relief. Because the counterclaim does not set forth facts to plausibly allege the elements of an actionable legal theory, it must be dismissed.

## III. CONCLUSION

For the reasons stated above, Wells Fargo's Motion to Dismiss Hightower's Counterclaim (ECF No. 12) is **GRANTED**. Hightower's Counterclaims (ECF No. 6) are **DISMISSED**.

**SO ORDERED.**

**Dated: February 14, 2022**

                                                                                                     /s/ JON D. LEVY  
                                                                                               **CHIEF U.S. DISTRICT JUDGE**